

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATASHA HANDY, INDIVIDUALLY AND
ON BEHALF OF ALL HEIRS-AT-LAW
AND/OR WRONGFUL DEATH
BENEFICIARIES OF WILLIE HANDY, JR.                          **PLAINTIFFS**

VS.                                      CAUSE NO. 3:16cv370WHB-JCG

MADISON COUNTY and
SHERIFF RANDY TUCKER
IN HIS OFFICIAL CAPACITY and
JOHN DOES 1-10
IN OFFICIAL & INDIVIDUAL CAPACITIES                          **DEFENDANTS**

## COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff ELEANOR LATASHA HANDY, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND/OR WRONGFUL DEATH BENEFICIARIES OF WILLIE HANDY, JR., by and through her attorneys, file this Complaint for wrongful death against the Defendants who negligently treated WILLIE HANDY, JR. and caused or contributed to his death, and would respectfully show unto the Honorable Court the following, to wit:

1. **Plaintiff LATASHA HANDY** is an adult resident citizen of Madison County, Mississippi, and resides at 146 Hill Street, Canton, Mississippi 39046. She brings suit on behalf of Willie Handy, Jr., deceased for the negligent actions that caused his death.

2. **Defendant Madison County – Madison (Defendant MCSD)** is a political subdivision in Madison County, Mississippi with a principal place of business at 2941 U.S. Highway 51, Canton, Mississippi 39046. It may be served with process of this

## JURISDICTION

3. Jurisdiction and venue are proper in the Circuit Court of Madison County pursuant to the Miss. Code. Ann. Statute §11-11-1 as this claim for relief occurred and accrued at least in part therein.

## FACTS

4. This is a claim for negligence and wrongful death filed by Plaintiffs that caused the death of Willie Handy, Jr., who died on November 5, 2015 at the age of 37, as a result of Defendant MCSD breaching its duty of care to Willie Handy, Jr. by neglecting to determine that Willie Handy, Jr., suffered from Asthma. As a result of Defendant's gross negligence to carry out its duty, Defendant abandoned Willie Handy, Jr., and failed to provide necessary medical attention, and denied his requests for medical assistance. These actions by the Defendant established an intentional indifference for Willie Handy, Jr.'s physical welfare, and ultimately his life violating his constitutional rights under 8th and/or 14th amendments.

5. Defendant unlawfully battered, applied mace, and choked Willie Handy, Jr., causing his asthma to flare intensely resulting in his death.

6. Defendant negligently failed to use a reasonably established standard of care by failing to adequately diagnose and deal with asthmatic individuals. Defendant's failure of reasonable care owed to Willie Handy, Jr. was a direct and proximate cause of his death.

7. The death of Willie Handy, Jr. could have been avoided if Defendant would have acquired the adequate training on how to identify individuals suffering from asthma

and provide proper assistance and care, as a result, of the Defendant's negligence Willie Handy, Jr. lost his life.

8. Defendant's failure to acquire the necessary training, and failure to inquire into the preexisting health conditions of detainees, resulted in Willie Handy, Jr.'s death.

9. Due to the Defendant's apparent position/status, lack of concern and care, defendant failed to acknowledge and address Willie Handy Jr's. requests for medical assistance. The Defendant maliciously disregarded his requests for medical attention.

10. As a result, of the above described negligent conduct, Defendant's behavior amounted to "deliberate and wreckless indifference" to the medical needs required by the deceased, Willie Handy, Jr.

11. Defendant deliberately deprived Willie Handy, Jr.'s rights to liberty, due process, equal protection and actual life guaranteed by the 14th Amendment to the United States Constitution, and 42 U.S. Code §1983.

12. Defendant unlawfully assaulted and committed battery against Willie Handy, Jr., while he was in custody.

13. Defendant's intentional and deliberate indifference for Willie Handy, Jr.'s life caused his asthma attack, and subsequent death.

14. At all times material herein, Defendant Madison County Sheriff, its agents, servants, or employees, were under a non-delegable duty to:

    a. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
    b. To provide proper training to the Defendant;
    c. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
    d. Properly train and supervise all individuals who are employed by them; and

    e. Follow the Minimum Standards of Operation for Mississippi Law Enforcement Officers as a licensed Public Safety Office within the State of Mississippi.

15. As a direct and proximate result of Defendant Madison County Sheriff's negligence, Willie Handy, Jr. died. As a result, Latasha Handy sustained funeral expenses and suffered physical and mental pain and anguish. As a direct and proximate result of Defendant's actions, Plaintiffs, as the heirs and wrongful death beneficiaries of Willie Handy, Jr., Deceased, have experienced mental anguish, pain and suffering, and the loss of Willie Handy Jr.'s society and companionship.

16. The Defendants, on the occasion of the wrongs and injuries herein, acted in gross disregard for the rights and safety of Willie Handy, Jr., Deceased, in breaching one or all of the duties outlined in Paragraphs 4 through 16 above, and this gross misconduct of the Defendants indicates a reckless indifference to the consequences of said acts.

17. The negligent conduct stated herein constitutes gross negligence as defined by Mississippi law, and the Plaintiff is therefore entitled to and assert a claim for punitive damages in an amount sufficient to punish and deter the Defendant and others like the Defendant from such conduct in the future.

18. At all times relevant herein, Willie Handy Jr.'s death was caused by Defendant; said decedent did nothing to contribute to his death; and death of the kind suffered by Willie Handy, Jr. are not the kind usually suffered in these circumstances without assault, battery, excessive and unnecessary force, intentional harm, and gross negligence.

19. Pursuant to Mississippi Code Annotated §15-1-36 and 11-46-1 et seq., Defendants were given prior notice of Plaintiffs' intent to sue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand compensatory damages of and from the Defendants, for an amount that is within the jurisdiction limits of this court; the amount of compensatory damages exceeds Ten Thousand Dollars ($10,000.00) plus court costs; and Plaintiffs further request such other and further relief as they may be deemed entitled to under the premises.

**RESPECTFULLY SUBMITTED**, this the 13th day of May, 2016.

**LATASHA HANDY, Plaintiffs**

BY: *Carlos E. Moore*
**CARLOS E. MOORE, MSB 100685**
**TAMEIKA BENNETT, MSB# 103146**

OF COUNSEL:

**MOORE LAW GROUP, P.C.**
**306 BRANSCOME DRIVE**
**P.O.BOX 1487**
**GRENADA, MS 38902-1487**
**TELEPHONE: (662) 227-9940**
**FAX: (662) 227-9941**
carlos@carlosmoorelaw.com
tameika@carlosmoorelaw.com