```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


LATASHA HANDY, ET AL.                                   PLAINTIFFS


VS.                           CIVIL ACTION NO. 3:16-cv-370-WHB-JCG


MADISON COUNTY, MISSISSIPPI; ET AL.                     DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on several motions filed by the parties in this wrongful death/negligence action. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court enters the following Order.

### I.   Factual Background and Procedural History

On September 5, 2015, Willie Handy, Jr., died while detained at the Madison County Detention Center ("MCDC") following an asthma attack.  Thereafter, Latasha Handy ("Handy"), on behalf of herself and Willie Handy's heirs and wrongful death beneficiaries, filed a lawsuit against Madison County, Mississippi, and several MCDC Officers alleging, *inter alia*, that "Defendants unlawfully battered, applied mace, and choked Willie Handy., Jr., causing his asthma to flare intensely resulting in his death."  Second Am. Compl. [Docket No. 25], ¶ 9.  Handy also alleges that Defendants failed to (1) provide necessary medical attention to Willie Handy, (2) adequately train personnel to promptly identify individuals who

are having asthma attacks, and (3) promptly respond to Willie Handy's requests for medical care. Based on these allegations, Handy seeks actual and punitive damages on claims under 42 U.S.C. § 1983 and state law claims sounding in negligence.

Handy has now moved to amend her complaint, and defendants Madison County and its Sheriff, Randy Tucker, have moved for summary judgment on the claims alleged in Handy's Second Amended Complaint.

**II.  Discussion**

Handy has moved for leave to amend her Complaint to include additional parties. Motions for Leave to Amend are generally governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides, in part: "the court should freely give leave when justice so requires." See e.g. Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607-08 (5th Cir. 1998)(finding that Rule 15(a) "evinces a bias in favor of granting leave to amend."). Here, however, a Case Management Order was entered that established October 27, 2016, as the deadline for filing motions to amend pleadings. See Order [Docket No. 7]. As the subject Motions to Amend were filed after the Court-ordered deadline, they are governed by Rule 16(b) of the Federal Rules of Civil Procedure. See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003)(holding that "Rule 16(b) governs amendment of pleadings after

2

a scheduling order deadline has expired."). To obtain relief under Rule 16(b), the moving party must show that there is good cause for modifying the scheduling order. Id. When determining whether good cause has been shown, the Court considers the following factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." Id. at 536 (citations omitted).

Handy first seeks to amend her Complaint to include, as a plaintiff, the Estate of Willie Handy, Jr. Under Mississippi law:

> In the event the litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court. As is true in all estates administered through the chancery court, chancery approval is required for the appointment of the personal representative of the estate, whether executor, executrix, administrator or administratrix.

Long v. McKinney, 897 So. 2d 160, 174 (Miss. 2004). In cases in which "the potential claimant has not been formally appointed administrator or executor of the decedent's estate at the time he or she commences the wrongful-death action, it follows that the person is without standing as a personal representative to bring the suit. Clark Sand Co. v. Kelly, 60 So. 3d 149, 155–56 (Miss. 2011).

Here, there has been no showing that an estate pertaining to Willie Handy, Jr., has been opened in the chancery court, and there

3

has been no showing that a chancery court has granted Latasha Handy approval to represent such estate in the event it was opened. Under these circumstances, the Court finds Handy has failed to show that she has standing to pursue any claim on behalf of the Estate of Willie Handy, Jr. Accordingly, her Motion to Amend Complaint to add the Estate of Willie Handy as a plaintiff will be denied.

Next, Handy seeks to amend her complaint to include Quality Correctional Health Care, Inc., ("QCHC") and Sheoashie Palmer ("Palmer") as additional defendants to the case. Palmer is identified as the nurse who was working in the medical unit at the time Willie Handy experienced his asthma attack, and who had administered breathing and other medical treatments to Willie Handy immediately prior and during the alleged asthma attack. QCHC is identified as the company for which Palmer worked.

Considering the factors set forth in S&W Enterprises, the Court first finds Handy has not provided any explanation for the untimeliness of her Motion to Amend to add either QCHC or Palmer as a defendant. The Docket shows that on October 7, 2016, Handy received initial disclosures from Madison County and Sheriff Tucker that included Willie Handy's medical records from QCHC as well as Palmer's notes regarding her assessments of, and treatments given to, Willie Handy immediately preceding his death. Handy has not provided any explanation as to the reason(s) she waited nearly six months before providing either QCHC or Palmer notice as to the

negligence/wrongful death claims she seeks to allege against them, or to request leave to add them as defendants in this case.

As to the second factor, it appears that the addition of QCHC and/or Palmer are important to Handy's claims that include that the medical treatment provided to Willie Handy at the detention center was untimely. As QCHC and/or Palmer could be responsible for the delay in treatment alleged by Handy, and as it is not clear from the pleadings whether the already-named defendants could be held liable for any actions taken by QHCH and/or Palmer, it appears the inclusion of QCHC and/or Palmer as defendants could be important to Handy's claims. Third, it does not appear that the already-named defendants would be prejudiced by the addition of QCHC and/or Palmer as additional defendants in this case because, again, it is not clear from the pleadings that the already-named defendants could be held liable for the actions of QHCH and/or Palmer. Finally, as it does not appear that the already-named defendants would be prejudiced by the addition of QCHC and/or Palmer as additional defendants, the fourth factor – i.e. whether a continuance would cure any resulting prejudice – does not appear applicable. The Court notes, however, that a short continuance in this case is already required to offset the discovery delay caused by briefing/consideration of the issues of qualified immunity that have now been considered by the Court.

Thus, having applied the factors set forth in S&W Enterprises

5

in light of the facts, allegations, and arguments in the pleadings, the Court finds Handy's Motion to Amend Complaint to add QCHC and Palmer as defendants should be granted, despite her delay in seeking leave to amend. As Handy will be granted leave to amend her Complaint, the Motion of Madison County and Sheriff Tucker for Summary Judgment as to the claims alleged against them in the Second Amended Complaint will be denied, without prejudice, as moot.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Amend Complaint to include the Estate of Willie Handy, Jr., as a plaintiff in this action [Docket No. 38] is hereby denied.

IT IS FURTHER ORDERED that the Motion and Amended Motion of Plaintiff to Amend Complaint to include Quality Correctional Health Care, Inc., and Nurse Sheoashie Palmer as additional defendants [Docket No. 45 and 46] are hereby granted.

IT IS FURTHER ORDERED that Plaintiff shall, on or before August 1, 2017, submit a proposed Third Amended Complaint that is consistent with this Opinion and Order for review by the Court.

IT IS FURTHER ORDERED that the Motion of Defendants the City of Madison and Sheriff Tucker for Summary Judgment as to the claims alleged against them in the Second Amended Complaint [Docket No.

6

55] is hereby dismissed as moot base on Plaintiffs' having been granted leave to amend that Complaint.

SO ORDERED this the 25th day of July, 2017.

s/ William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE