IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATASHA HANDY, INDIVIDUALLY AND
ON BEHALF OF ALL HEIRS-AT-LAW
AND/OR WRONGFUL DEATH
BENEFICIARIES OF WILLIE HANDY, JR.                          PLAINTIFF

VS.                                                     CAUSE NO. 3:16cv370-WHB-JCG

MADISON COUNTY, SHERIFF RANDY
TUCKER, IN HIS OFFICIAL CAPACITY,
QUALITY CORRECTIONAL HEALTH CARE,
INC., NURSE SHEOASHIE PALMER, in her
Individual and Official Capacities                                       DEFENDANTS

**THIRD AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiff LATASHA HANDY, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND/OR WRONGFUL DEATH BENEFICIARIES OF WILLIE HANDY, JR., by and through her attorneys, and files this Complaint for wrongful death against the Defendants who negligently treated WILLIE HANDY, JR. and caused or contributed to his death, and would respectfully show unto the Honorable Court the following, to wit:

1. **Plaintiff LATASHA HANDY** is an adult resident citizen of Madison County, Mississippi, and resides at 146 Hill Street, Canton, Mississippi 39046. She brings suit on behalf of Willie Handy, Jr., deceased for the negligent actions and constitutional violations that caused or contributed to his death.

2. **Defendant Madison County (Defendant MC)** is a political subdivision in Madison County, Mississippi with a principal place of business at 2941 U.S. Highway 51, Canton, Mississippi 39046. It may be served with process of this Court by and

through Madison County Chancery Clerk, Ronny Lott, at 146 West Center Street, Canton, MS 39046-3735.

3. **Defendant Sheriff Randy Tucker (Defendant Sheriff Tucker)** is an adult resident citizen of Mississippi, employed with Madison County and can be served with process at his place of employment located at 2941 U.S. Highway 51, Canton, Mississippi 39046.

4. **Defendant Quality Correctional Health Care, Inc. (Defendant QCHC)** is a foreign corporation qualified to do business in the State of Mississippi, and can be served with process upon its registered agent, Incorp Services, Inc., at 302 Enterprise Drive, Suite A, Oxford, MS 38655.

5. **Defendant Nurse Sheoashie Palmer (Defendant Nurse Palmer)** is an adult resident citizen of Mississippi, employed with Defendant QCHC, and can be served with process at 2935 Hwy 51, Canton, MS 39046.

## JURISDICTION

6. Jurisdiction and venue are proper in the Southern District of Mississippi pursuant to 28 U.S. Code § 1332 and 28 U.S. Code § 1391 as this claim for relief occurred and accrued therein and deals with deprivation of constitutional rights in addition to medical negligence/malpractice.

## FACTS

7. This is a claim for negligence, delay in medical care, and wrongful death filed by Plaintiff against those that caused the death of Willie Handy, Jr., who died on September 5, 2015 at the age of 37, as a result of Defendants breaching their duty of care to Willie Handy, Jr. by neglecting to determine that Willie Handy, Jr., suffered

from Asthma and appropriately treating him. As a result of Defendants' gross negligence to carry out its duty, Defendants abandoned Willie Handy, Jr., and failed to timely provide him with the necessary medical attention, and ignored his requests for medical assistance. These actions by the Defendants established a deliberate indifference for Willie Handy, Jr.'s physical welfare, and ultimately his life violating his constitutional rights under 8th and/or 14th amendments.

8. Finally, Mr. Handy was taken to see a nurse by the aforementioned County Defendants after his continuous complaints of shortness of breath and wheezing. Mr. Handy was treated last by Defendant Nurse Palmer, employee of Defendant QCHC, even though it was clear that Mr. Handy was experiencing difficulties breathing. Once Defendant Nurse Palmer finally began to administer the breathing treatment, Mr. Handy began to sweat and became restless, so Palmer gave him a Decadron injection; but, by this time, Mr. Handy had then become unresponsive without a pulse nor heartbeat. As a result of Mr. Handy being unresponsive, an ambulance was called to transport Mr. Handy to the hospital.

9. As a result of Defendants QCHC and Nurse Palmer's breaching of their duty to properly treat and care for Mr. handy in his condition, Mr. Handy expired. As a result of not receiving the proper, timely medical care and assistance, Mr. handy sustained life-threatening injuries and expired on September 5, 2015 from an apparent asthma attack. Defendants displayed deliberate indifference to the medical needs and safety of Mr. Handy and are liable for their professional negligence.

10. Defendants negligently failed to use a reasonably established standard of care by failing to adequately diagnose and deal with asthmatic individuals. Defendants'

failure of reasonable care owed to Willie Handy, Jr. was a direct and proximate cause of his death.

11. The death of Willie Handy, Jr. could have been avoided if Defendants would have acquired the adequate training on how to identify individuals suffering from asthma and provide proper assistance and care, as a result, of the Defendants' negligence Willie Handy, Jr. lost his life.

12. Defendants' failure to acquire the necessary training, and failure to inquire into the preexisting health conditions of detainees, resulted in Willie Handy, Jr.'s death.

13. Due to the Defendants' apparent position/status, lack of concern and care, defendants failed to acknowledge and address Willie Handy Jr's. requests for medical assistance. The Defendants maliciously disregarded his requests for medical attention.

14. As a result, of the above described negligent conduct, Defendants' behavior amounted to "deliberate and reckless indifference" to the medical needs required by the deceased, Willie Handy, Jr.

15. Defendants deliberately deprived Willie Handy, Jr.'s rights to liberty, due process, equal protection and actual life guaranteed by the 14th Amendment to the United States Constitution, and 42 U.S. Code §1983.

16. Defendants' intentional and deliberate indifference for Willie Handy, Jr.'s life caused his asthma attack, and subsequent death.

17. At all times material herein, Defendant Madison County, its agents, servants, or employees, were under a non-delegable duty to:

    a. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
    b. To provide proper training to the Defendants;

c. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;
d. Properly train and supervise all individuals who are employed by them; and
e. Follow the Minimum Standards of Operation for Mississippi Law Enforcement Officers as a licensed Public Safety Office within the State of Mississippi.

18. At all times material herein, Defendant QCHC, Nurse Palmer, its agents, servants, or employees, were under a non-delegable duty to:

    a. Attend to Willie Handy, Jr. and render and/or assure that he was rendered timely and appropriate care;
    b. Render professional health care services consistent with the nationally-recognized minimal acceptable standards of competency;
    c. Render professional health care services to Willie Handy, Jr. consistent with the nationally-recognized minimal acceptable standards of car and competency;
    d. Exercise the degree of skill and care ordinarily exercised by healthcare facilities within the State of Mississippi;
    e. To provide proper training to the Defendants; and
    f. Properly train and supervise all individuals who are employed by them.

19. As a direct and proximate result of Defendants Madison County, Sheriff Randy Tucker, Quality Correctional Health Care, and Nurse Sheoashie Palmer's negligence, Willie Handy, Jr. died. As a result, Latasha Handy sustained funeral expenses and suffered physical and mental pain and anguish. As a direct and proximate result of Defendants' actions, Plaintiffs, as the heirs and wrongful death beneficiaries of Willie Handy, Jr., Deceased, have experienced mental anguish, pain and suffering, and the loss of Willie Handy Jr.'s society and companionship.

20. The Defendants, on the occasion of the wrongs and injuries herein, acted in gross disregard for the rights and safety of Willie Handy, Jr., Deceased, in breaching one or all of the duties outlined in Paragraphs 9 through 19 above, and this gross misconduct of the Defendants indicates a reckless indifference to the consequences of said acts.

21. The negligent conduct stated herein constitutes gross negligence as defined by Mississippi law, and the Plaintiff is therefore entitled to and assert a claim for punitive damages in an amount sufficient to punish and deter the Defendants and others like the Defendants from such conduct in the future.

22. At all times relevant herein, Willie Handy Jr.'s death was caused by Defendants; said decedent did nothing to contribute to his death; and death of the kind suffered by Willie Handy, Jr. are not the kind usually suffered in these circumstances without deliberate indiffernce and gross negligence.

23. Pursuant to Mississippi Code Annotated §15-1-36 and 11-46-1 et seq., Defendants were given prior notice of Plaintiffs' intent to sue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand compensatory and punitive damages of and from the Defendants, for an amount that is within the jurisdiction limits of this court; the amount of compensatory damages exceeds Ten Thousand Dollars ($10,000.00) plus court costs; and Plaintiffs further request such other and further relief as they may be deemed entitled to under the premises.

**RESPECTFULLY SUBMITTED**, this the 9th day of August, 2017.

        **LATASHA HANDY, Plaintiffs**

    **BY:**   *s/ Carlos E. Moore*_____
            **CARLOS E. MOORE, MSB 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Telephone: (662) 227-9940
Fax: (662) 227-9941
Email: carlos@tuckermoorelaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Rebecca B. Cowan, Esq.
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750

THIS, the 9th day of August, 2017.

                                                *s/ Carlos E. Moore*_____
                                                CARLOS E. MOORE, ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATASHA HANDY, INDIVIDUALLY AND
ON BEHALF OF ALL HEIRS-AT-LAW
AND/OR WRONGFUL DEATH
BENEFICIARIES OF WILLIE HANDY, JR.           PLAINTIFF

VS.                  CAUSE NO. 3:16cv370-WHB-JCG

MADISON COUNTY, SHERIFF RANDY
TUCKER, IN HIS OFFICIAL CAPACITY,
QUALITY CORRECTIONAL HEALTH CARE,
INC., NURSE SHEOASHIE PALMER, in her
Individual and Official Capacities             DEFENDANTS

## CERTIFICATE OF CONSULTATION

Pursuant to §11-1-58 of Mississippi Code of 1972 as amended, the undersigned attorney declares that he has concluded that there exists a reasonable basis for filing the Complaint based on a consultation with at least one qualified expert, who meets the criteria set forth in §11-1-58 of Mississippi Code of 1972.

Respectfully submitted, this the 9th day of August, 2017.

              LATASHA HANDY, ET AL., PLAINTIFF

     By:   *s/ Carlos E. Moore*
          Carlos E. Moore, MSB# 100685

OF COUNSEL:
**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

CERTIFICATE OF SERVICE

       I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Rebecca B. Cowan, Esq.
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750

THIS, the 9th day of August, 2017.

                                                *s/ Carlos E. Moore*_____
                                                CARLOS E. MOORE, ESQ.